ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 NOV 12 AM 9:53
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

```
RANDY EUGENE COLEMAN, STAR      *
LATOSHA YOUNG, and all other    *
persons similarly situated,     *
                                *
     Plaintiff,                 *   CIVIL ACTION NO.
                                *   CV 315-035
v.                              *
                                *
MIDDLE GEORGIA PROBATION LLC,   *
                                *
     Defendant.                 *
```

# ORDER

On April 7, 2015, Plaintiffs brought this putative class action to challenge the constitutionality of the state statutory scheme for the use of private, for-profit companies to provide probation supervision over misdemeanor offenders in Georgia. Defendant Middle Georgia Probation LLC is a private probation company providing services to the State Court of Emanuel County, Georgia, and the Municipal Court of Swainsboro, Georgia. (Compl. ¶ 8 & Exs. A & B.)

Plaintiffs' counsel in this case have brought similar class action lawsuits in this district against different private probation companies on behalf of different plaintiffs, see Keen v. Judicial Alternatives of Georgia, Inc. ("JAG"), Case No. 3:15-cv-30 (S.D. Ga. Mar. 20, 2015); Keller v.

Sentinel Offender Servs., LLC, Case No. 2:15-cv-60 (S.D. Ga. May 21, 2015). In the Keen case, Defendant JAG moved to dismiss the plaintiff's case on April 28, 2015, based upon standing, *inter alia*. The standing argument asserted therein is used by defense counsel in the instant case in their response to Plaintiffs' motion to certify a class, essentially arguing that if Plaintiffs do not have standing, the motion to certify need not be reached. (Compare Doc. No. 25 with Keen v. JAG, Case No. 3:15-cv-30, Doc. Nos. 19 and 38.) Defense counsel proposes that this Court not address any class action issues until such time as the motion to dismiss is resolved in the Keen case. (Doc. No. 25-1, at 7.)

On August 21, 2015, this Court granted the motion to dismiss in the Keen case based in part upon lack of standing. (See Keen v. JAG, Case No. 3:15-cv-30, Doc. No. 49.) That case is now on appeal.

Here, the motion to certify class remains pending. Meanwhile, Defendant has filed a motion to extend by sixty days its deadline to serve discovery requests upon Plaintiffs. Defendant wishes to await resolution of the appeal in the Keen case. Plaintiffs do not oppose the motion.

Because both parties have indicated a willingness to await the resolution of the appeal in the Keen case, the Court **ORDERS** that this case is hereby **STAYED**. The Clerk is directed

to **TERMINATE** the motion to extend time (doc. no. 26). The parties shall notify the Court of the resolution of the referenced appeal.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE