FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 JUL 30 AM 10: 51
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RANDY EUGENE COLEMAN,
STAR LATOSHA YOUNG, and all
other persons similarly
situated,

    Plaintiffs,

v.      CV 315-035

MIDDLE GEORGIA PROBATION, LLC,

    Defendant.

# O R D E R

This case started on April 7, 2015, when Plaintiffs filed a complaint challenging the constitutionality of Georgia's statutory scheme of using private, for-profit companies to provide probation supervision services for misdemeanor offenders. Defendant Middle Georgia Probation, LLC, is a private probation company that provides such services to the State Court of Emanuel County, Georgia, and the Municipal Court of Swainsboro, Georgia. (Am. Compl. ¶ 39.) In their first complaint, Plaintiffs sought a declaration that Georgia's private probation statute, O.C.G.A. 42-8-100, was unconstitutional and asked for damages for any probation fees Plaintiffs were required to pay Defendant. (Compl., Doc. No. 1, ¶ 62.)

Plaintiffs' counsel has filed a number of similar complaints in this district against different private probation companies. See, e.g., Brinson v. Providence Cmty. Corr., Inc., 2016 WL 9651775 (S.D. Ga. Mar. 31, 2016); Keen v. Judicial Alternatives of Ga., Inc., 124 F. Supp. 3d 1334 (S.D. Ga. 2015). In Keen, this Court dismissed the plaintiff's complaint on the grounds that the plaintiff lacked standing to seek declaratory relief, *inter alia*. See Keen, 124 F. Supp. 3d at 1337-38. The plaintiff subsequently appealed the Court's Order. See Keen v. Judicial Alternatives of Georgia, Inc., 637 F. App'x 546 (11th Cir. 2015).

In the instant action, Plaintiffs moved to certify a class on July 6, 2015. (Doc. No. 16.) In light of the Court's Order in Keen, Defendant proposed that this case be stayed until the appeal in that case was resolved. The Court granted the unopposed motion on November 11, 2015. (Doc. No. 28.)

After the Eleventh Circuit's ruling became final, the parties were directed to attend a status conference on December 20, 2017, to discuss the impact of the Eleventh Circuit's decision in Keen. (Doc. No. 36.) The Court subsequently granted Plaintiffs' unopposed Motion for Leave to Amend their Complaint and annulled its stay. (Doc. Nos. 39, 42.)

In the Amended Complaint, Plaintiffs abandon their claim for declaratory judgment and do not seek relief under a federal cause of action. Because the parties are not diverse, the presiding judge is uncertain whether this Court continues to have subject-matter jurisdiction over this case. Accordingly, Plaintiffs are **DIRECTED** to submit a concise brief identifying this Court's subject-matter jurisdiction by the close of business on August 17, 2018.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of July, 2018.

UNITED STATES DISTRICT JUDGE