IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

RANDY EUGENE COLEMAN,
STAR LATOSHA YOUNG, and all
other persons similarly
situated,

    Plaintiffs,

v.      CV 315-035

MIDDLE GEORGIA PROBATION, LLC,

    Defendant.

## ORDER

Plaintiffs filed the captioned case seeking a declaration that O.C.G.A. § 42-8-100, *et seq.*, ("Georgia Private Probation Statute") was unconstitutional under the United States and Georgia Constitutions and asking for damages for any probation fees Plaintiffs were required to pay Defendant. (Compl., Doc. No. 1, ¶ 62.) In the Court's Order of July 30, 2018, the Court raised *sua sponte* the issue of subject matter jurisdiction and invited Plaintiffs to submit a concise brief on the issue. (Doc. No. 43.) Upon the existing record, the Court finds it does not have subject matter jurisdiction over this controversy. For reasons stated more fully below, the captioned case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

On April 7, 2015, Plaintiffs filed a complaint against Defendant Middle Georgia Probation, LLC. (Compl., Doc. No. 1.) This was one of numerous similar suits filed by Plaintiffs' counsel in the District seeking certification of a class of probationers under supervision of private probation companies, requesting declaratory relief that the Georgia Private Probation Statute was unconstitutional, and asking for damages under a state law "Money Had and Received" claim. See, e.g., Brinson v. Providence Cmty. Corr., 2016 WL 9651775 (S.D. Ga. Mar. 31, 2016); Keen v. Judicial Alternatives of Ga., Inc., 124 F. Supp. 3d 1334 (S.D. Ga. 2015). On November 12, 2015, the instant case was stayed pending resolution of Keen v. Judicial Alternatives of Ga., Inc. (Doc. No. 28.) Once the Eleventh Circuit's ruling in Keen[1] became final, the stay was vacated. (Doc. No. 42.)

In the interim, Plaintiffs were granted leave to amend their complaint and filed their Amended Complaint on January 17, 2018. Plaintiffs withdrew the claim for declaratory relief under 28 U.S.C. § 2201 and instead rely solely on 28 U.S.C. § 1331 to provide subject matter jurisdiction. (Am. Compl., Doc. No. 40.) In withdrawing the claim for declaratory relief, Plaintiffs restyled that cause of action

---

[1] See Keen v. Judicial Alternatives of Georgia, Inc., 637 F. App'x 546 (11th Cir. 2015).

into Count I labeled "Constitutionality Under the Fourteenth Amendment." (Id. ¶¶ 52-66.) Also, Plaintiffs incorporated the same allegations of their previous Money Had and Received claim into Count I of the Amended Complaint. (Id. ¶¶ 57-63.) Finally, since April 23, 2015, neither named Plaintiff is still serving probation or under the supervision of Defendant. (Aff. of Kevin Goodwin, Doc. No. 34.)

In light of the Eleventh Circuit's decision in Keen and the subsequent withdrawal of the claim for a declaratory judgment in Plaintiffs' Amended Complaint, the Court raised *sua sponte* the issue of subject matter jurisdiction. (Doc. No. 43.)

Lower federal courts can exercise subject matter jurisdiction only over certain types of cases for which there has been a congressional grant of jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Without a statutory grant of subject matter jurisdiction, a federal court is powerless to act, and therefore a court must "zealously insure" that it has jurisdiction over a case. Id.; see also Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004)("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." (internal quotations omitted)).

Plaintiffs contend 28 U.S.C. § 1331, the general federal question statute, provides jurisdiction because they are challenging the Georgia Private Probation Statute under the Fourteenth Amendment to the United States Constitution. Plaintiffs employ the four-part test laid out in Gunn v. Minton, 568 U.S. 251, 258 (2013), arguing the issue of constitutional law is central to this case. Gunn permits federal jurisdiction over a state law claim "if a federal issue is: (1) necessarily raised (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.

The Court finds that 28 U.S.C. § 1331 and the Gunn test do not provide the basis for it to exercise jurisdiction over this case. In one of the companion suits to this action, the Eleventh Circuit, in dicta, expressed serious doubts that § 1331 and Gunn could provide subject matter jurisdiction. Brinson v. Providence Cmty. Corr., 703 F. App'x 874, 877 (11th Cir. 2017). The court explained that it did "not bode well for Brinson that only a 'special and small category of cases' satisfies the Gunn test." Id. (quoting Gunn, 568 U.S. at 258).

Moreover, Plaintiffs' requested relief under federal law, although no longer styled as a declaratory judgment action, is

still prospective by nature. Plaintiffs request "the Court hold that The Georgia Private Probation Statute, as written and as applied, is unconstitutional in violation of the Fourteenth Amendment." (Am. Compl. ¶ 115.) "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" McGee v. Solicitor Gen. of Richmond Cnty., Ga., 727 F.3d 1322, 1325 (11th Cir. 2013) (quoting Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004)).

Here, Plaintiffs, having been released from probation and the supervision of Defendant, cannot show a sufficient likelihood of being convicted in a state court and being placed on probation. See Keen, 637 F. App'x at 548 (finding the plaintiff "failed to allege that he faced an actual, imminent injury that would confer standing to challenge the [Georgia Private Probation Statute]" because he was no longer on probation); see also Brinson, 703 F. App'x at 877. Thus, even if Plaintiffs could satisfy the four-part Gunn test, they do not have standing to challenge the Georgia Private Probation Statute under the Fourteenth Amendment.

Upon the foregoing, **IT IS ORDERED** that this case be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk is **DIRECTED** to **CLOSE** this case and

5

**TERMINATE** all motions and deadlines. Costs are assessed against Plaintiffs.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE